## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KAREN SCHIEFLER,
an individual,

       Plaintiff,

v.

Case No.: 8:23-cv-00136

TRANS UNION LLC,
a foreign limited liability company,

       Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, KAREN SCHIEFLER (hereinafter "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, TRANS UNION LLC (hereinafter, "Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.  This is an action brought by Plaintiff, an individual consumer, for damages for Defendant's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Defendant failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Defendant—with respect to a tradeline account furnished by Small Business Association (hereinafter, "SBA")—following the discharge order entered in Plaintiff's bankruptcy

1

case. More specifically, Defendant inaccurately, incompletely, and misleadingly credit reported a tradeline account furnished by SBA as charged off, with Plaintiff still owing an alleged past-due balance of $10,700.00, without also indicating or notating that such account was included in—and discharged through—Plaintiff's voluntary bankruptcy case, all despite Defendant reporting Plaintiff's bankruptcy case as well as numerous other tradeline accounts as included in and/or discharged through Plaintiff's bankruptcy case.

## JURISDICTION, VENUE & PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq*.

3. Defendant is subject to the jurisdiction of this Court as Defendant regularly conducts business in this District.

4. Venue is proper in this District as the acts and transactions described herein originated and occurred in this District, Plaintiff filed her bankruptcy case in this District, and Plaintiff received a discharge order through her bankruptcy case in this District.

5. At all material times herein, Plaintiff is a natural person residing in Hillsborough County, Florida.

6. At all material times herein, Defendant is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

7. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

8. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

9. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

10. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

11. At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

12. At all material times herein, Defendant credit reports information concerning a loan furnished by SBA and identified by partial account number 12- (hereinafter, the "Account").

13. At all material times herein, Defendant is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Defendant disburses such consumer reports to third parties under contract for monetary compensation.

14. At all material times herein, Defendant acted itself or through its respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

15. All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

### Plaintiff's Bankruptcy Case and Discharge Order

16. On or about December 12, 2019, Plaintiff filed a voluntary Chapter 13

bankruptcy case in the Middle District of Florida, Tampa Division, identified by case number 8:19-bk-11735-RCT (hereinafter, "Bankruptcy Case"). Please see attached true and correct copies of relevant pages from Plaintiff's Chapter 13 Bankruptcy Petition labeled as Exhibit "A."

17. Plaintiff listed SBA in her Bankruptcy Case petition and bankruptcy schedules as an unsecured creditor with respect to the Account. *See* Ex. A at p. 4.

18. On or about August 7, 2020, Plaintiff filed a Notice of Voluntary Conversion of Chapter 13 Case to Chapter 7 Case in her Bankruptcy Case.

19. Subsequently, on August 7, 2020, the Bankruptcy Court entered an order converting Plaintiff's Bankruptcy Case from a Chapter 13 to a Chapter 7.

20. As a result of the Bankruptcy Court converting Plaintiff's Bankruptcy Case from a Chapter 13 to a Chapter 7, Plaintiff's unsecured SBA Account was subject to be discharged through her Chapter 7 Bankruptcy Case.

21. On or about November 10, 2020, the United States Bankruptcy Court entered an Order of Discharge (hereinafter, "Discharge Order") in Plaintiff's Bankruptcy Case. Please see a true and correct copy of said Discharge Order labeled as Exhibit "B."

22. As such, as of November 10, 2020, the Discharge Order extinguished and eliminated Plaintiff's personal obligation with respect to the SBA Account.

### Trans Union's Credit Reporting of the SBA Account

23. On or about January 20, 2021, Plaintiff obtained a copy of her credit disclosure report from Trans Union. Please see attached true and correct copies of

relevant pages from Plaintiff's Trans Union report labeled as Exhibit "C."

24. Notably, Defendant reported Plaintiff's Bankruptcy Case in the public records section of her Trans Union report. *See* Ex. C at p. 2.

25. Additionally, on Plaintiff's report, Defendant reported *at least* eleven (11) tradeline accounts included in Plaintiff's Bankruptcy Case as "CHAPTER 7 BANKRUPTCY" and "Account Included in Bankruptcy."

26. However, on Plaintiff's report, Defendant reported the SBA Account with a balance past-due in the amount of $10,700.00 and reported the Account as charged off but failed to mark or otherwise notate that the Account was included in and discharged through Plaintiff's Bankruptcy Case. *Id.* at p. 4.

27. Defendant reported the SBA Account as opened in 2017 with unpaid balance charged off as of September 2019 and with a last payment made in March of 2019. *Id.* at p. 4.

28. Therefore, Defendant clearly knew that the SBA Account preceded the date of Plaintiff's Bankruptcy Case as a delinquent account and therefore should also be marked as included in and/or discharged through Plaintiff's Bankruptcy Case.

29. On or about March 10, 2021, Plaintiff obtained a copy of her credit disclosure report from Trans Union. Please see attached true and correct copies of relevant pages from Plaintiff's Trans Union report labeled as Exhibit "D."

30. Notably, Defendant reported Plaintiff's Bankruptcy Case in the public records section of her Trans Union report. *See* Ex. D at p. 2.

31. Additionally, on Plaintiff's report, Defendant reported *at least* eleven (11)

tradeline accounts included in Plaintiff's Bankruptcy Case as "CHAPTER 7 BANKRUPTCY" and "Account Included in Bankruptcy."

32. However, on Plaintiff's report, Defendant reported the SBA Account with a balance past-due in the amount of $10,700.00 and reported the Account as charged off but failed to mark or otherwise notate that the Account was included in and discharged through Plaintiff's Bankruptcy Case. *Id*. at p. 4.

33. Defendant reported the SBA Account as opened in 2017 with unpaid balance charged off as of September 2019 and with a last payment made in March of 2019. *Id*. at p. 4.

34. Therefore, Defendant clearly knew that the SBA Account preceded the date of Plaintiff's Bankruptcy Case as a delinquent account and therefore should also be marked as included in and/or discharged through Plaintiff's Bankruptcy Case.

35. Without such notation, a user of either of Plaintiff's Trans Union reports could reasonably conclude that the SBA Account was charged-off and sold to a third-party and potentially remains owing and due from Plaintiff as of March 2021.

36. After the date of the Discharge Order was entered in Plaintiff's Bankruptcy Case, Defendant prepared and published Plaintiff's credit information to her current creditors and potential lenders which included the SBA Account with a balance past-due and reported the Account as a charged-off yet failed to mark the SBA Account as included in or discharged through Plaintiff's Bankruptcy Case.

37. More specifically, Defendant prepared and published Plaintiff's credit information between November 2020 and June 2021 resulting in account review

inquires and promotional inquires on Plaintiff's credit report as maintained by Trans Union.

## DAMAGES

38. As a result of Defendant's reporting of the Account, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of Defendant's inaccurate, incomplete, and materially misleading reporting of the Account when she needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

39. Further, Plaintiff spent time disputing Defendant's reporting errors and suffered damage to her credit reputation as a result of Defendant's conduct.

40. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that she must simply endure Defendant's inaccurate, incomplete, and materially misleading reporting of the Account and could not receive the full benefit of a fresh start following the Discharge Order entered in her Bankruptcy Case.

41. Plaintiff retained Swift, Isringhaus, Dubbeld & McEleney, PLLC as well as The Hubbard Law Firm, PLLC for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>

Plaintiff re-alleges paragraphs one (1) through forty-one (41) as if fully restated herein and further states as follows:

42. Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

43. Defendant willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the discharged SBA Account.

44. More specifically, Defendant reported Plaintiff's Bankruptcy Case in the public records section of her credit reports and credit file and also reported *at least* eleven (11) other tradeline accounts that had been discharged through Plaintiff's Bankruptcy Case as included in and/or discharged through Plaintiff's Bankruptcy Case.

45. However, months after Plaintiff received the Discharge Order in her Bankruptcy Case, Defendant continued to report the SBA Account on Plaintiff's credit reports and credit files as "charged off" yet failed to notate that the Account was included in and discharged through Plaintiff's Bankruptcy Case.

46. Also, Defendant reported the SBA Account as opened in 2017 with unpaid balance charged off as of September 2019 and with a last payment made in

March of 2019.

47. Therefore, Defendant clearly knew that the SBA Account preceded the date of Plaintiff's Bankruptcy Case as a delinquent account and therefore should also be marked on Plaintiff's credit reports as included in and/or discharged through Plaintiff's Bankruptcy Case.

48. Overall, Defendant maintained credit information concerning Plaintiff and published information regarding Plaintiff to third parties which included Defendant's inaccurate, incomplete, and materially misleading reporting of the SBA Account.

49. More specifically, Defendant prepared and published Plaintiff's credit information between November 2020 and June 2021 resulting in account review inquires and promotional inquires on Plaintiff's credit report as maintained by Trans Union.

50. Defendant clearly failed to maintain procedures to maintain maximum possible accuracy. If Defendant maintained—and followed—such procedures, Defendant's reporting of the Account would be the same as the other tradeline accounts Defendant properly reported as included in Plaintiff's Bankruptcy Case and reported without a balance due or past-due.

51. Defendant's reporting of the Account was patently inaccurate and further evidences Defendant's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

52. As a result of Defendant's conduct, actions, and inactions, Plaintiff

suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account as charged-off without also notating or indicating that such Account was included and/or discharged through Plaintiff's Bankruptcy Case.

53. Without such notation, a user of Plaintiff's Trans Union reports could reasonably conclude that the SBA Account was charged-off and sold to a third-party and potentially remains owing and due from Plaintiff following the date of the Discharge Order.

54. Further, Plaintiff spent time disputing Defendant's reporting errors and suffered damage to her credit reputation as a result of Defendant's conduct.

55. Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the injuries, damages, and harm to Plaintiff as stated herein.

56. Defendant's violations of 15 United States Code Section 1681e(b), constitute negligent and/or willful noncompliance with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs per 15 United States Code, Sections 1681n and/or 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

  a. Judgment against Defendant for maximum statutory damages for violations of the FCRA;

  b. Actual damages in an amount to be determined at trial;

  c. Compensatory damages in an amount to be determined at trial;

  d. Punitive damages in an amount to be determined at trial;

  e. An award of attorney's fees and costs; and

  f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

    Respectfully submitted,

    **SWIFT LAW PLLC**

    */s/ Aaron M. Swift*
    **Aaron M. Swift, Esq., FBN 0093088**
    Jordan T. Isringhaus, Esq., FBN 91487
    Sean E. McEleney, Esq., FBN 125561
    8380 Bay Pines Blvd.
    St. Petersburg, FL 33709
    Phone: (727) 490-9919
    Fax: (727) 255-5332
    aswift@swift-law.com
    jisringhaus@swift-law.com
    smceleney@swift-law.com
    jmurphy@swift-law.com

*~and~*

**THE HUBBARD LAW FIRM, PLLC**
**James R. Hubbard, Esq., FBN 121405**
120 E Pine Street, Suite 7
Lakeland, FL 33801
Phone: (863) 617-5206
lawofficeofjameshubbard@gmail.com
*Counsel for Plaintiff*